**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JAVIER MALDONADO**

      **Petitioner,**

**v.**                                                          **Case No. 8:20-cv-744-CEH-SPF**

**SECRETARY, DEPARTMENT**
**OF CORRECTIONS,**

      **Respondent.**

_____/

## O R D E R

This cause comes before the Court on Javier Maldonado's petition for the writ

of habeas corpus under 28 U.S.C. § 2254.  (Doc. 1)  Maldonado challenges his state

convictions for trafficking in amphetamine, possession of cannabis, and possession of

drug paraphernalia.  Upon consideration of the petition and the response (Doc. 6), and

in accordance with the *Rules Governing Section 2254 Cases in the United States District

Courts*, the petition will be **DENIED**.[1]

---

[1] Although afforded the opportunity, Maldonado did not file a reply.

## Facts[2]

The police executed a search warrant at Maldonado's father's home. The police searched the home, the curtilage, and vehicles on the property. During the search the police found partially smoked marijuana cigars inside a vehicle. They discovered in Maldonado's bedroom—which he shared with his brother—$1799 in cash, a black cloth bag that contained 48 grams of methamphetamine, and small Ziploc bags. Maldonado was arrested and interviewed by the police. He admitted the marijuana found in the car and the black bag containing the methamphetamine belonged to him.[3] Maldonado was charged with trafficking in amphetamine (Count 1), possession of cannabis (Count 2), and possession of drug paraphernalia (Count 3).

A jury convicted Maldonado of all three charges and he was sentenced on Count 1 to twelve years imprisonment and to time served on each of Counts 2 and 3. The state appellate court affirmed Maldonado's convictions and sentences and denied his state Rule 3.850 motion for post-conviction relief.

## Standard of Review

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a highly

---

[2] This factual summary derives from Maldonado's brief on direct appeal and the record. (Doc. 6-2, Exs. 4, 5, 6, 9, 12)

[3] The audio recording of the police interview was played for the jury at trial.

deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - - the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this

3

Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Cone*, 535 U.S. at 693. A federal court must afford due deference to a state court's decision. "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010). *See also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("This is a 'difficult to meet,' . . . and

4

'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt'. . . .") (citations omitted).

In a *per curiam* decision without a written opinion, the state appellate court on direct appeal affirmed Maldonado's convictions and sentences. (Doc. 6-2, Ex. 14) In another *per curiam* decision the state appellate court affirmed the denial of Maldonado's Rule 3.850 motion. (Doc. 6-2, Ex. 24) The state appellate court's affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003). *See also Richter*, 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state court.

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

5

*Pinholster*, 563 U.S. at 181–82. Maldonado bears the burden of overcoming by clear and convincing evidence a state court factual determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001).

### Standard for Ineffective Assistance of Counsel

Maldonado claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains that *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so

serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Maldonado must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691. To meet this burden, Maldonado must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690–91. Maldonado cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

Under 28 U.S.C. § 2254(d) Maldonado must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by *Strickland* and § 2254(d)

8

are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 562 U.S. at 106. *See also Pinholster*, 563 U.S. at 202 (a petitioner must overcome this "'doubly deferential' standard of *Strickland* and [the] AEDPA"), *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding."), and *Pooler v. Sec'y, Dep't of Corr.*, 702 F.3d 1252, 1270 (11th Cir. 2012) ("Because we must view Pooler's ineffective counsel claim—which is governed by the deferential *Strickland* test—through the lens of AEDPA deference, the resulting standard of review is 'doubly deferential.'"), *cert. denied*, 134 S. Ct. 191 (2013).

**Ground One**

Maldonado contends that the trial court violated his Sixth and Fourteenth Amendment rights to due process and a fair trial by denying his motion for judgment of acquittal. He argues that the State failed to prove that he knew that a large quantity of methamphetamine was concealed in the black bag found in the bedroom. Maldonado alleges that the drugs were discovered in a bedroom that he and his brother shared whenever they visited their father. In his statement to the police Maldonado admitted that the black bag was his, that he had paid for "a baggie of 'meth,'" and that the amount of drugs he had was for personal use. (Doc. 1 at 6) Maldonado argues that the State failed to prove that he had sole dominion or control of the premises and

that the trial court's denial of his motion for judgment of acquittal resulted in a denial of his federal rights to due process and a fair trial.

The Respondent correctly argues that this ground is unexhausted and procedurally barred because Maldonado did not preserve his federal claim for appellate review. (Doc. 6 at 4)  Maldonado did not file a reply and does not challenge the Respondent's assertion of procedural default.

In moving for a judgment of acquittal, Maldonado did not apprise the state trial court of a federal claim challenging the sufficiency of the State's evidence.  In Florida, "[f]or an issue to be preserved for appeal, it must be presented to the lower court, and the specific legal argument or ground to be argued on appeal must be part of that presentation."  *Doorbal v. State*, 983 So. 2d 464, 492 (Fla. 2008).  Because he did not assert a federal constitutional violation in moving for a judgment of acquittal at trial, Maldonado did not present to the state trial court the federal claim that he makes here, and that he made in the state appellate court.  (Doc. 6-2, Ex. 12 at 6–9)  Maldonado cannot return to state court to present his federal claim in a successive appeal.  *See* Fla. R. App. P. 9.140(b)(3).  Accordingly, the federal claim is procedurally defaulted.  *See Shinn v. Ramirez*, 142 S. Ct. 1718, 1732 (2022) (noting that if a prisoner failed to present a federal claim to the state court and the state court would dismiss the claim based on a procedural failure, the claim is technically exhausted because, in the habeas context, "state-court remedies are . . . 'exhausted' when they are no longer available, regardless of the reason for their unavailability.") (quoting *Woodford v. Ngo*, 548 U.S. 81, 92–93 (2006)).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). A petitioner shows cause for a procedural default when he demonstrates "that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). A petitioner demonstrates prejudice by showing that "there is at least a reasonable probability that the result of the proceeding would have been different" absent the constitutional violation. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

Absent a showing of cause and prejudice, a petitioner may obtain federal habeas review of a procedurally defaulted claim only if review is necessary to correct a "fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986). A fundamental miscarriage of justice occurs if a constitutional violation has probably resulted in the conviction of someone who is "actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet the "fundamental miscarriage of justice" exception, a petitioner must show constitutional error coupled with "new reliable evidence—whether . . . exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

11

Maldonado's failure to fairly present a federal claim in the state court deprived the state court of a "full and fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Boerckel*, 526 U.S. at 845. Maldonado fails to demonstrate cause and prejudice excusing the default. *Carrier*, 477 U.S. at 495–96. He cannot meet the "fundamental miscarriage of justice" exception because he presents no "new reliable evidence" that he is actually innocent. *Schlup*, 513 U.S. at 327. Because Maldonado fails to proffer specific facts showing an exception to procedural default, Ground One is procedurally barred from federal review.

**Ground Two**

Maldonado contends that his trial counsel rendered ineffective assistance by not filing a motion to suppress evidence obtained from his father's house pursuant to a search warrant. He argues that the police obtained a search warrant based on a prior allegation of sales of illegal drugs that was disproven and dismissed. (Doc. 1 at 8) Maldonado claims that he exercised no dominion or control over either the cash, the black bag that contained methamphetamine, or the partially smoked marijuana cigars. (*Id.*) He argues that if his trial counsel had moved to suppress the evidence and argued that no factual basis existed for the issuance of the search warrant, the evidence would have been suppressed and the charges dismissed.

The Respondent asserts that Maldonado presented this ground to the state post-conviction court in his Rule 3.850 motion but the court did not specifically address the ground in its order denying relief. (Doc. 6 at 7–8) More specifically, the

Respondent alleges that "[t]he state post-conviction court addressed only Maldonado's claim that counsel was ineffective for not arguing to the jury that the evidence was insufficient because the prior alleged sale was dismissed and did not address his claim that counsel was ineffective for failing to argue a lack of probable cause to the court." (*Id.* at 8)

In Ground One of his Rule 3.850 motion Maldonado argued that "law enforcement was allegedly granted a search warrant on a property which police provided no evidence that said property was owned or rented to this defendant and no evidence that defendant had any control or dominion either exclusively or jointly, of said property or automobiles." (Doc. 6-2, Ex. 16 at 5) He contended that if his trial counsel had argued that there was no "factual based evidence" that he was involved in any illegal activity "as evidenced by the fact that the primary allegation of sales of meth was dismissed for lack of factual basis," the "court and jury would have determined that there was insufficient probable cause for [the] search and the outcome of the trial would have been a dismissal of the charges . . . ." (*Id.*)

Maldonado did not present to the state post-conviction court a claim of ineffective assistance of counsel based on counsel's failure to file a motion to suppress—the claim that he presents in Ground Two of the federal petition. Maldonado's references to "probable cause" were in support of his claim that counsel failed to argue that a factual basis existed for the charges against him and not an independent claim of ineffective assistance based on a failure to file a motion to suppress evidence. Consequently, that claim is unexhausted and procedurally

defaulted.  Because Maldonado fails to proffer specific facts showing an exception to procedural default, the claim is procedurally barred from federal review.[4]

To the extent that Maldonado presents in Ground Two of the federal petition the same claim of ineffective assistance of counsel based on an alleged lack of factual basis to support the charges that he presented to the state post-conviction court in Ground One of his Rule 3.850 motion, he is not entitled to relief.   The state post-conviction court denied that claim as follows (Doc. 6-2, Ex. 17 at 1–3) (court's record citations omitted):

> In ground one, Defendant asserts that had defense counsel raised or argued that there was no factual evidence that Defendant was involved or engaged in any illegal activity with anyone anywhere as evidenced by the fact that the primary allegation of sale of meth was dismissed for lack of factual basis and/or evidence, Defendant would have been acquitted.
>
> First, the court notes that the sale of meth charge Defendant references in his claim was a charge of "sale of methamphetamine within 1000 feet of a church" in case 11CF67. The two cases, as evidenced by the record in this case (11CF68), proceeded together on the pre-trial docket. During the sentencing hearing in this case (February 24, 2015), the State announced a nolle prose in 11CF67 stating that the confidential informant was no longer available to be called at trial. The State's subsequently-filed notice

---

[4] Notwithstanding the default, the claim fails on the merits. To obtain relief on a claim of ineffective assistance of counsel for failing to file a motion to suppress, a petitioner must prove that (1) counsel's representation fell below an objective standard of reasonableness, (2) he has a meritorious Fourth Amendment claim, and (3) a reasonable probability of a different verdict exists absent the excludable evidence. *See Zakrzewski v. McDonough*, 455 F.3d 1254, 1260 (11th Cir. 2006). Maldonado fails to satisfy these requirements. He presents no evidence showing a defect in the search warrant and fails to otherwise establish a meritorious Fourth Amendment claim. Consequently, he cannot establish his claim of  ineffective assistance of counsel for not filing a motion to suppress. *See Zakrzewski*, 455 F.3d at 1260.

indicates that "facts and evidence will not support prosecution." The State's decision in February of 2015 to not continue prosecution in 11CF67 due to unavailability of a confidential informant does not impact Defendant's conviction in June of 2014 in the above-styled case.

Second, during trial there was factual evidence presented that Defendant was involved or engaged in illegal activities. The jury heard testimony from law enforcement about the methamphetamine, marijuana, small baggies, and "crank boat" they found, and those items were published for the jury to view. Additionally, the jury heard Defendant's taped statement in which he states he lives at the house and the dressers in the bedroom (where some drugs were found) are all his, and he also admits to the marijuana "roaches" being his, the "crank boat" being his and the bag of meth being his. As there was factual evidence that Defendant was involved or engaged in illegal activity, an argument that there was "no factual evidence" would have been meritless. Counsel did argue to the jury that Defendant was just a kid trying to protect and help out his brother who shared the bedroom with Defendant.

Counsel is not ineffective for failing to make a meritless argument that there was "no factual evidence." Defendant proceeded to trial and the State presented their evidence against him. Defendant was not prejudiced. Ground one is denied.

As the state post-conviction court noted, the State presented evidence demonstrating a factual basis for the charged offenses. Moreover, the state post-conviction court in rejecting Maldonado's claim of ineffective assistance of counsel in his state Rule 3.850 motion has answered the question of what would have happened if counsel had challenged the factual basis for the charges. *See, e.g., Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1354–55 (11th Cir. 2005) ("The Florida Supreme Court already has told us how the issues would have been resolved under state law

15

had [petitioner's counsel] done what [petitioner] argues he should have done . . . . It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second guess them on such matters.'") (quoting *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)); *Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) ("[T]he Alabama Court of Criminal Appeals has already answered the question of what would have happened had [petitioner's counsel] objected to the introduction of [petitioner's] statements based on [state law]—the objection would have been overruled . . . . Therefore, [petitioner's counsel] was not ineffective for failing to make that objection.").  Maldonado fails to show a reasonable probability exists that the charges against him would have been dismissed if counsel had argued that no factual basis existed that Maldonado engaged in any illegal activity. Consequently, because Maldonado fails to satisfy *Strickland's* requirements, he cannot establish ineffective assistance by his trial counsel.  The state courts' rejection of this ground is neither contrary to, or an unreasonable application of, *Strickland* nor was the ruling based on an unreasonable determination of the facts in light of the evidence presented in the state court.  *See* 28 U.S.C. § 2254(d)(1), (d)(2).  Ground Two warrants no relief.

**Ground Three**

Maldonado contends that his trial counsel rendered ineffective assistance by not properly presenting his defense and not ensuring that the State proved each element of the charged offenses.  He alleges that his sole defense was that neither the drugs nor the contraband belonged to him, that he did not reside at his father's house, and that

he had no dominion or constructive possession of the contraband aside from that which was found on his person.  Maldonado claims that the jury would have acquitted him if his trial counsel had properly argued a lack of dominion or a lack of constructive possession.

Maldonado presented these allegations to the state court in Grounds Two and Four of his Rule 3.850 motion.  The state post-conviction court denied relief as follows (Doc. 6-2, Ex. 17 at 2–3) (court's record citations omitted):

> In ground two, Defendant asserts that there was no factual evidence that he had or exercised any control or dominion over the searched residence or the Ford Mustang. Defendant asserts that had his attorney argued that there was no fact-based evidence showing Defendant had any control or dominion over any part of the residence, the outcome of the trial would have been dismissal of all charges for lack of factual based evidence.
>
> However, the jury heard Defendant's taped statement in which he admitted to staying at the residence, sleeping inside the bedroom where drugs were found, and stating that all the dressers in the bedroom were his. The jury also heard Defendant's taped statement in which he stated that the Mustang was his brother's car, but he admitted that the marijuana "roaches" and "crank boat" from inside the car were his. Law enforcement testified that the cigar blunts with marijuana, a bag of marijuana, and a "crank boat" were located in the Ford Mustang; a yellow Ziploc bag was found in Defendant's sock; $1799 dollars was found in the same dresser as Defendant's ID card; and methamphetamine was found in the bedroom. Additionally, counsel did move for a judgment of acquittal on the basis that the State failed to present factual evidence to show that Defendant was in possession of methamphetamine; however, that motion was denied.

> Given the foregoing, the court finds counsel was not ineffective, nor was Defendant prejudiced. Ground two is denied.
>
> . . . .
>
> In ground four, Defendant asserts that had trial counsel argued that both Defendant and his brother had personal belongings in the same dresser, and no contraband was found in any drawer were Defendant had a few items of clothing or personal effects, the jury would have had insufficient evidence to sustain a conviction and would have dismissed the charges.
>
> However, the record indicates defense counsel did question law enforcement about Defendant and his brother sharing the room where items were found. During closing statement, defense counsel argued that Defendant was a kid trying to protect and help out his brother. As stated above, the jury also heard Defendant's taped statement where he admitted to ownership of the items, and stated that all of the dressers in the room belonged to him. Counsel was not ineffective, nor was Defendant prejudiced. Ground four is denied.

To prove constructive possession, the State must show the defendant had: "(1) dominion and control over the contraband and (2) knowledge that the contraband was within his presence." *Knight v. State*, 186 So. 3d 1005, 1012 (Fla. 2016) (citing *J.S.M. v. State*, 944 So.2d 1143, 1144 (Fla. 2d DCA 2006)). "Additionally, '[w]hen, as in this case, contraband is found in a location that was accessible to more than one person, a defendant's knowledge of its presence and ability to exercise dominion and control will not be inferred; these elements must be established by independent proof.'" *Santiago v. State*, 991 So. 2d 439, 441–42 (Fla. 2d DCA 2008) (quoting *Wagner v. State*, 950 So.2d 511, 513 (Fla. 2d DCA 2007)). "Such proof may consist of evidence of

18

incriminating statements and circumstances, other than the mere location of the substance, from which a jury might infer knowledge of the presence of the contraband on the premises." *State v. Cadore*, 59 So. 3d 1200, 1203 (Fla. 2d DCA 2011) (citation omitted).

The State presented to the jury Maldonado's recorded statement to the police in which he admitted that "the stuff's mine," that the room in which the drugs were found was his room, and that all the dressers in the room were his.  (Doc. 6-2, Ex. 5, trial transcript at 170–71)  Maldonado admitted that the marijuana found in the vehicle belonged to him and that he had methamphetamine in the bag found in the bedroom. (*Id.* at 174–79)  Accordingly, the State presented sufficient evidence of constructive possession.[5]  *See Knight*, 186 So. 3d at 1012.

The state courts' rejection of these allegations of ineffective assistance of counsel is neither contrary to, or an unreasonable application of, *Strickland* nor was the ruling based on an unreasonable determination of the facts in light of the evidence presented in the state court.  *See* 28 U.S.C. § 2254(d)(1), (d)(2).  Ground Three warrants no relief.

**Ground Four**

Maldonado contends that his trial counsel rendered ineffective assistance by not properly moving for dismissal based on alleged violations of his right to remain silent.

---

[5] Trial counsel argued in the motion for judgment of acquittal that "the State has not presented any factual evidence to show that Mr. Maldonado was the one in possession of these items." (Doc. 6-2, Ex. 5, trial transcript at 205) The trial judge denied the motion. (*Id.* at 206)

He argues that various circumstances rendered his statements to the police involuntary:

(1) Coercion

Maldonado contends that the police "instituted a 'carrot and stick' approach of coercion in obtaining a confession from Petitioner in that they did threaten to arrest Petitioner's father and brother if he did not admit to ownership of the contraband drugs."  (Doc. 1 at 12)  Maldonado alleges that the police assured leniency for his family if he admitted owning the drugs and paraphernalia and that "[i]n order to spare his aging father and younger brother the unwarranted indignities of arrest [] Petitioner did provide a somewhat vague and apprehensive admission to law enforcement."  (*Id.*) Maldonado claims that after his arrest he was questioned "on the record" and that his responses were again "vague, apprehensive, and involuntary."  (*Id.*)  He argues that his trial counsel should have moved for dismissal based on this alleged violation of his right to remain silent.

The state post-conviction court denied relief on this claim as follows (Doc. 6-2, Ex. 17 at 3) (court's record citations omitted):

> In [this ground], Defendant asserts that defense counsel failed to argue that law enforcement coerced Defendant into an involuntary confession by threatening to arrest Defendant's father or brother if Defendant did not confess to the allegations by law enforcement. Defendant asserts that had his attorney raised this issue to the jury, the jury would have seen that Defendant's confession was not voluntary and the jury would have dismissed the charges.

However, the record indicates that defense counsel argue[d] this general issue to the jury;[6] more specifically, during her closing statement counsel reiterated that law enforcement would have taken Defendant's brother to jail if Defendant had not taken the blame for the drugs. Counsel instructed the jury that whether or not Defendant's statement was true was something they would have to decide. Additionally, the court instructed the jury that if they concluded Defendant's out-of-court statement was not freely and voluntarily made, then they could disregard it. Nonetheless, the jury found Defendant guilty as charged. The court finds counsel was not ineffective, nor was Defendant prejudiced. [This] [g]round . . . is denied.

A confession is involuntary if the suspect's "will was overborne in such a way to render his confession the product of coercion." *Arizona v. Fulminante*, 499 U.S. 279, 288 (1991).  Statements that result from "intimidation, coercion, or deception" by the police are not voluntary and must be suppressed. *Colorado v. Connelly*, 479 U.S. 157, 163 (1986).  Police coercion is a necessary component to finding that a defendant "involuntarily" waived his right to remain silent.  *United States v. Ouedraogo*, 824 F. App'x 714, 722 (11th Cir. 2020) (citing *Connelly*, 479 U.S. at 167).  To determine voluntariness, a court must assess "the totality of the circumstances—both the characteristics of the accused and the details of the interrogation."  *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973).  Sufficiently coercive conduct generally involves

---

[6] Trial counsel argued to the jury (Doc. 6-2, Ex. 5, trial transcript at 230):

You heard on the statement that he and his brother share a room. Sergeant Coronado told you they share a room. Sergeant Coronado told you Solomon was there when he arrived with a search warrant. Sergeant Coronado told you if Javier hadn't taken the blame for it they were both going to jail. It sure sounds like a kid protecting his brother.

subjecting the accused to an exhaustingly long interrogation, the application of physical force or the threat to do so, or the making of a promise that induces a confession. *See Connelly*, 479 U.S. at 163 n.1. "Absent police conduct causally related to the confession, there is simply no basis for concluding that any state actor has deprived a criminal defendant of due process of law." *Id.* at 164.

Maldonado presents no evidence that his free will was overborne by police deception or threats to arrest his relatives. He fails to demonstrate that his decision to tell the police that the contraband belonged to him was coerced. Moreover, no evidence shows, and Maldonado does not assert, that he did not understand his *Miranda* warnings. His failure to provide evidence to support a finding that his statement was the result of improper threats or coercion precludes relief on his claim of ineffective assistance of counsel. The state post-conviction court neither unreasonably applied *Strickland* nor unreasonably determined the facts by rejecting this claim. *See* 28 U.S.C. § 2254(d)(1), (d)(2).

(2) Drug use

Maldonado contends that his trial counsel failed to move to dismiss the charges or argue to the jury that the police violated his right to remain silent and coerced him to make statements after he advised officers that he was a drug user and had recently taken drugs. He alleges that he habitually used methamphetamine and that, "[a]s a result of his habitual and frequent drug use, . . . he was unable to think and/or understand the questions and/or actions of law enforcement at the time." (Doc. 1

22

at 13)   Maldonado claims that he "lacked the capacity for conscious choice in responding to [l]aw [e]nforcement's questioning." (*Id.*)

When Maldonado presented these allegations to the state post-conviction court in his Rule 3.850 motion, he argued that counsel was ineffective for not moving to suppress his statements. (Doc. 6-2, Ex. 16 at 9–10)  In his federal petition Maldonado faults counsel for not moving to dismiss the charges based on alleged coercion by the police—a different claim than he presented to the state court.  Accordingly, the claim presented in the federal petition is unexhausted and procedurally defaulted.[7]

To the extent that the federal petition, liberally construed, *see Haines v. Kerner*, 404 U.S. 519 (1972), asserts the same claim of ineffective assistance of counsel presented to the state post-conviction court, Maldonado is not entitled to relief.  The state post-conviction court denied relief on this claim as follows (Doc. 6-2, Ex. 17 at 4):

> In [this] ground . . ., Defendant asserts counsel failed to move to suppress his taped confession made while he was under the effect of a controlled substance. Defendant states he is a strong user of methamphetamines and that he had told detectives he'd smoked two days before his arrest. Defendant states he told his counsel of his addiction but trial counsel disregarded that information.
>
> However, whether or not Defendant has a drug addiction or used methamphetamine two days before his arrest would not be grounds to have his confession suppressed given the totality of the circumstances in this case. The court finds

---

[7] The Respondent addresses this claim as alleging ineffective assistance of counsel for not filing a motion to suppress based on Maldonado's drug use, the claim presented to the state court in the Rule 3.850 motion. (Doc. 6 at 16–18) The Respondent does not address the claim of ineffective assistance of counsel for not moving to dismiss the charges based on the drug use, the claim presented in the federal petition. Notwithstanding the default, the claim fails on the merits because Maldonado presents no evidence of impairment or police coercion.

> counsel was not ineffective, nor was Defendant prejudiced.
> *See Reddish v. State*, 167 So. 2d 858, 862 (Fla. 1964). [This]
> [g]round . . . is denied.

"The mere fact that the defendant had taken drugs prior to giving the statement does not render it inadmissible. The evidence must show the defendant was so affected as to make his statement, after appropriate warnings, unreliable or involuntary." *United States v. Taylor*, 508 F.2d 761, 763 (5th Cir. 1975) (citations omitted).[8] Maldonado cites no evidence demonstrating that he was under the influence of drugs when he was questioned by the police or that his habitual drug use affected his ability to understand and answer questions. During the recorded interview, Maldonado evinced no impairment, understood the questions asked of him, and gave coherent answers. (Doc. 6-2, Ex. 5, trial transcript at 165–83) His failure to provide evidence to support a finding that his statement was the result of improper threats or coercion precludes relief on his claim of ineffective assistance of counsel. The state post-conviction court neither unreasonably applied *Strickland* nor unreasonably determined the facts by rejecting this claim. *See* 28 U.S.C. § 2254(d)(1), (d)(2).

(3) <u>Disability</u>

Maldonado contends that his trial counsel failed to move to dismiss the charges or argue to the jury that the police violated his right to remain silent and coerced him to make statements despite his telling them that "he had little education and that his

---

[8] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

ability to read, write, and/or comprehend was very limited." (Doc. 1 at 13) Maldonado alleges that the police refused to acknowledge his disabilities and that "Police Chief Scheel clearly is heard badgering Petitioner throughout the taped interview until Petitioner would offer some admissions that were acceptable to [l]aw [e]nforcement." (*Id.*) Maldonado argues that the officers' alleged disregard for his disabilities rendered his statements unknowing, unintelligent, and involuntary.

The state post-conviction court denied relief on this claim as follows (Doc. 6-2, Ex. 17 at 3–4) (court's record citation omitted):

> In [this] ground . . ., Defendant asserts counsel failed to object and argue that Defendant's lack of education clearly showed he was unable to comprehend the difference between a voluntary and coerced confession, asserting he was badgered during his confession where law enforcement disregarded the question to Defendant about whether he could read. Defendant asserts that the jury would have had insufficient factual evidence that the taped confession was legal, ethical, and voluntary, and there would have been insufficient evidence to sustain a conviction.
>
> However, it is unclear how counsel bringing up Defendant's lack of education (or possible inability to read) would have assisted Defendant at trial. The jury was able to listen to the taped statement and decide issues concerning credibility for themselves. The court instructed the jury that the Defendant's out-of-court statement must be considered with caution and weighed with great care to determine if it was freely and voluntarily made. The court specifically instructed that if the jury concluded Defendant's out-of-court statement was not freely and voluntarily made, then they could disregard it. Given the foregoing, the court finds counsel was not ineffective, nor was Defendant prejudiced.

25

As the state court noted, the jury heard Maldonado's taped statement to the police which included the following exchange (Doc. 6-2, Ex. 5, trial transcript at 166–67):

> CHIEF SCHEEL: Can you -- can you read?
>
> SERGEANT CORONADO: Can you read?
>
> MR. MALDONADO: (Inaudible.)
>
> CHIEF SCHEEL: Okay.
>
> SERGEANT CORONADO: It don't matter. Just sign.

The trial judge instructed the jury regarding Maldonado's statement as follows (Doc. 6-2, Ex. 5, trial transcript at 265–66):

> A statement claimed to have been made by the defendant outside the court has been placed before you. Such a statement should always be considered with caution and be weighed with great care to make certain if it was freely and voluntarily made. Therefore, you must decide from the evidence that the defendant's alleged statement was knowingly, voluntarily, and freely made.
>
> In making this determination—
>
> I believe I said you must decide. The correct instruction is you must determine from the evidence that the defendant's alleged statement was knowingly, voluntarily, and freely made.
>
> In making this determination you should consider the total circumstances including but not limited to whether when the defendant made the statement he had been threatened in order to get him to make it and whether anyone had promised him anything in order to get him to make it. If you conclude the defendant's out-of-court statement was not freely and voluntarily made, you should disregard it.

Maldonado does not describe what he told the police about either his ability to read or his level of education, nor does he state what information was in the inaudible portion of the audio recording played for the jury. Moreover, as the state court noted, the jury was able to hear the audio recording and assess the voluntariness of Maldonado's statements. He fails to show a reasonable probability exists that, if counsel had argued that a lack of education rendered Maldonado unable to comprehend the difference between a voluntary and coerced confession, the jury would have acquitted him. Consequently, Maldonado cannot satisfy *Strickland*. The state courts' rejection of this claim is neither contrary to, or an unreasonable application of, *Strickland* nor was the ruling based on an unreasonable determination of the facts in light of the evidence presented in the state court. *See* 28 U.S.C. § 2254(d)(1), (d)(2).

(4) <u>Omitted portions of the recording</u>

Maldonado contends that his trial counsel was ineffective for "failing to move to dismiss the entirety of all statements from the record based on the incomplete and therefore prejudicial nature where Petitioner's complete statement was not provided." (Doc. 1 at 13) The record shows that during her direct examination of Sergeant Coronado the prosecutor inquired as follows (Doc. 6-2, Ex. 5, trial transcript at 164):

> Q: I'm showing you what's been marked as State's Exhibit 12 for identification. Do you recognize that?
>
> . . . .
>
> A: Yes.

. . . .

> Q: What is—what is on that disc?
>
> A: It is [the] defendant's taped statement.
>
> Q: When was the last time you listened to that?
>
> A: Yesterday.
>
> Q: Some irrelevant things were edited but other than that[,] has it been materially changed?
>
> A: No.
>
> Q: Was it a fair representation of the conversation that you had with the defendant?
>
> A: Yes.

Maldonado alleges that "[f]avorable and/or mitigating evidence [was] removed and the coercive procedures utilized in obtaining said statements by [l]aw [e]nforcement was [*sic*] deliberately tampered with." (Doc. 1 at 13) He argues that "[c]ounsel was ineffective in failing to move to dismiss the entirety of all statements from the record based on the incomplete and therefore prejudicial nature where Petitioner's complete statement was not provided." (*Id.*)

The state post-conviction court denied relief on this claim as follows (Doc. 6-2, Ex. 17 at 5):

> In [this] ground . . ., Defendant states the prosecutor admitted that some irrelevant things were deleted from the taped confession. Defendant asserts that had counsel argued that any information deleted by the State was tampering with evidence, the jury would have dismissed the charges.

> Defendant does not indicate what information was omitted from the taped statement. Nonetheless, the court finds counsel was not ineffective, nor was Defendant prejudiced. Redaction of irrelevant portions of taped statements is permissible and does not constitute the State "tampering with evidence." *See*, as example, *Dessett v. State*, 951 So. 2d 46 (Fla. 4th DCA 2007). Counsel was not ineffective for failing to argue that the State redacting irrelevant information from Defendant's taped statement constituted tampering with evidence. Defendant has also failed to show how he was prejudiced. [This] [g]round . . . is denied.

Maldonado offers no evidence showing that the edited recording omitted any favorable or mitigating evidence.  He does not describe what information was edited and does not show that the State tampered with the recording.  Consequently, Maldonado cannot show that counsel had a basis for moving to dismiss the charges as he suggests.  The state courts' rejection of this claim is neither contrary to, or an unreasonable application of, *Strickland* nor was the ruling based on an unreasonable determination of the facts in light of the evidence presented in the state court.  *See* 28 U.S.C. § 2254(d)(1), (d)(2).

Accordingly, Maldonado's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The Clerk shall enter a judgment against Maldonado and **CLOSE** this case.

## DENIAL OF BOTH A
## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

**IT IS FURTHER ORDERED** that Maldonado is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement

to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Section 2253(c)(2) limits the issuing of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Maldonado must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Maldonado is entitled to neither a certificate of appealability nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Maldonado must obtain permission from the circuit court to appeal *in forma pauperis*.

Charlene Edwards Honeywell
United States District Judge

**DONE** and **ORDERED** in Tampa, Florida on July 17, 2023.

Copies furnished to:

Counsel of Record
Unrepresented Parties

30